Dear Senator Smith:
This opinion is in response to your questions asking:
 Does section 137.073 RSMo Supp. 84 prohibit a school district (or any local taxing entity) from imposing the full added amount of a voter approved tax rate increase for the tax year 1985 which would produce substantially more revenue than had been received in 1984?
 Or does this section allow an increased property tax levy approved by the voters of a district in 1985 to be added to the 1985 tax rate as calculated after the rollback for general reassessment has occurred pursuant to section 173.073 RSMo Supp 84?
You state in your opinion request that a school district in Greene County has announced plans to submit a tax levy increase to the voters in February, 1985. You assume that a general reassessment will occur in calendar year 1985 and that either the statutory tax rate rollback, Section 137.073.2, as enacted by Senate Committee Substitute for Senate Bill No. 234, Eighty-First General Assembly, First Regular Session (effective January 31, 1985) (hereinafter sometimes referred to as "S.C.S.S.B. 234"), or the Hancock Amendment tax rate rollback, Article X, Section 22(a), Missouri Constitution (as implemented by Section 137.073.5, as enacted by S.C.S.S.B. 234), will be triggered.
Section 137.073.6(1) and (2), as enacted by S.C.S.S.B. 234, states:
 6. (1) The tax rate ceiling established pursuant to this section shall not be exceeded in the year of the tax rate reduction or thereafter unless a higher tax rate is approved by a vote of the people. Approval of the higher tax rate shall be by at least a majority of votes cast except:
 (a) When a higher tax rate, before reduction, would have required approval by at least two-thirds of the votes cast, any vote to exceed the tax rate ceiling shall require approval by at least two-thirds of the votes cast;
 (b) When a higher tax rate, before reduction, could have been approved by a majority of the votes cast, the maximum tax rate increase that can be approved by a majority after reduction shall be computed as follows: The maximum cumulative percent the original tax rate ceiling can be increased by a majority vote in the future shall be the same percent which the tax rate prior to reduction was exceeded by the maximum tax rate that could be voted by a majority; any increase in the tax rate ceiling beyond that percent shall require approval by at least two-thirds of the votes cast; and
 (c) When a higher tax rate, before reduction, would have required approval of the governing body without approval of voters, the tax rate ceiling may be increased by action of the governing body in years following reduction, by the same percentage the rate could have been increased without approval of the voters before the tax rate was reduced. For this purpose any political subdivision that before general reassessment had eliminated its tax rate shall be deemed to have been levying one cent per one hundred dollars valuation before general reassessment.
 (2) When the voters approve an increase in the tax rate, the increased tax rate becomes the new tax rate ceiling. [Emphasis added.]
Section 137.073.1(3), (4), and (5), as enacted by S.C.S.S.B. 234, defines the terms "tax rate", "rate", or "rate of levy", "tax rate ceiling", and "tax revenue" as:
 (3) "Tax rate", "rate", or "rate of levy", singular or plural, includes the tax rate for each purpose of taxation of property a taxing authority is authorized to levy without a vote and any tax rate authorized by election, including bond interest and sinking fund;
 (4) "Tax rate ceiling", a tax rate as reduced by the taxing authority to comply with the provisions of this section or when a court has determined the tax rate reduction. This is the maximum tax rate that may be levied in the year of tax rate reduction and in subsequent years, unless a higher tax rate ceiling is approved by voters of the political subdivision as provided in this section;
 (5) "Tax revenue", when referring to the previous year, means the actual receipts from ad valorem levies on all classes of property in the immediately preceding fiscal year of the political subdivision, plus an allowance for taxes billed but not collected in the fiscal year. The term "tax revenue" shall not include any receipts from ad valorem levies on any property of a railroad corporation or a public utility, as these terms are defined in section 386.020, RSMo, which was assessed by the assessor of a county or city in the previous year but is assessed by the state tax commission in the current year. All school districts and those counties levying sales taxes under chapter 67, RSMo, shall include in the calculation of "tax revenue" an amount equivalent to that by which they reduced property tax levies as a result of sales tax under sections 67.505 and 164.013, RSMo, in the immediately preceding fiscal year but not including any amount calculated to adjust for prior years. For purposes of the fiscal year ending on December 31, 1984, "tax revenues" of each political subdivision shall also include revenues which would have been generated if levy increases which were approved by the voters of the political subdivision after the rate of levy was set for 1984 and before the rate of levy, as reduced or revised by law, is set for 1985 had been included in the rate of levy set for 1984.
[Emphasis added.]
Section 137.073.6(1), as enacted by S.C.S.S.B. 234, allows a voter-approved tax rate to be higher than the "old" tax rate ceilingin the year of tax rate reduction or thereafter.[1] Accordingly, a tax rate increase approved by the voters in the year of the tax rate reduction would be added to the tax rate ceiling to determine the new tax rate ceiling.
By way of example, if the tax levy before rollback stands at forty cents (40¢) per one hundred dollars ($100.00) assessed valuation and the voters approve, by the appropriate majority, a twenty-five cents (25¢) levy increase to sixty-five cents (65¢) per one hundred dollars ($100.00) assessed valuation, the forty cents (40¢) levy should be adjusted in accordance with the rollback provisions before the additional voter-approved twenty-five cents (25¢) levy is added thereto. If, as a result of rollback, the "old" tax rate ceiling is reduced from forty cents (40¢) to thirty cents (30¢), the new tax rate ceiling is fifty-five cents (55¢), because of the additional twenty-five cents (25¢) levy increase approved by the people.
However, we note that for the 1984 calendar year the term "tax revenues", which is used in calculating the tax rate reduction rollback under Section 137.073.2, as enacted by S.C.S.S.B. 234, includes revenue that would be generated if levy increases approved by the voters after the rate of levy was set for 1984 (which must be on or before September 1, 1984, under Section 67.110, RSMo Supp. 1984), and before the tax rate is set for 1985 (which must be on or before September 1, 1985, under Section 67.110, RSMo Supp. 1984), were levied in 1984.
By way of example, if a school district obtained voter approval of a twenty-five cents (25¢) per one hundred dollars ($100.00) assessed valuation levy increase on October 9, 1984, see Section115.123.2, RSMo Supp. 1984, the 1984 tax rate levy was set on September 1, 1984, the 1985 tax rate levy was set on September 1, 1985, the 1984 assessed valuation of the school district was one million dollars ($1,000,000.00), and the allowance for taxes billed but not collected in 1984 was five percent (5%) of taxes billed, then the 1984 "tax increase adjustment" used to calculate the tax rate rollback under Section 137.073.2, as enacted by S.C.S.S.B. 234, may be calculated as follows:
First, multiply the new tax rate increase (25¢ per $100.00 assessed valuation in the above example) by the 1984 assessed valuation ($1,000,000.00 in the above example).
Next, multiply the result reached above ($2,500.00 in the example above) by one less the delinquency allowance (95% in the example above). (There may be other applicable "allowances" not noted here.)
The result ($2,375.00 in the example above) is the revenue that the new tax rate increase would have generated if this tax increase had occurred in 1984. This figure is then used in calculating the "tax revenue" for purposes of the tax rate rollback found at Section 137.073.2, as enacted by S.C.S.S.B. 234.
As a caveat, we note that Section 137.073.9, as enacted by S.C.S.S.B. 234, provides that any taxing authority found in violation of Section 137.073, as enacted by S.C.S.S.B. 234, shall be assessed with the costs of bringing any corrective taxpayer action, including reasonable attorneys' fees.
Section 164.031, RSMo 1978, states:
 The question shall be submitted in substantially
the following form:
 Shall the school board of . . . . . . . (name of district) be authorized to increase the tax levy for . . . . . . (list purpose or purposes) by . . . . . . (amount of increase) on one hundred dollars assessed valuation? If this proposition is approved by the voters, the total operating levy of the school district will be . . . . . . (amount) per one hundred dollars of assessed valuation. [Emphasis added.]
In light of the penalties for a mistaken interpretation of the rollback statute noted above, it should be considered whether the words "which is . . . (not) subject to any applicable tax rate reduction rollbacks" should be inserted into the ballot, so that it reads:
 Shall the school board of . . . . . . . (name of district) be authorized to increase the tax levy for . . . . . . (list purpose or purposes) by . . . . . . (amount of increase) on one hundred dollars assessed valuation[, which is . . . (not) subject to any applicable tax rate reduction rollbacks]? If this proposition is approved by the voters, the total operating levy of the school district will be . . . . . . (amount) per hundred dollars of assessed valuation[, subject to any applicable tax rate reduction rollbacks].
We believe that courts will defer to the wishes of the voters as expressed in the ballot language they approve. Depending upon the wording of the ballot language submitted to and approved by the voters (in particular, depending upon whether the word "not" is inserted in the language referred to above), the tax rate increase will or will not be subject to the tax rate reduction rollback.
CONCLUSION
It is the opinion of this office that property tax levy increases approved by the appropriate majority, as specified in Section 137.073.6, as enacted by Senate Committee Substitute for Senate Bill No. 234, Eighty-Third General Assembly, First Regular Session, after January 1, 1985, are added to the tax rate ceiling after such has been reduced, as provided in Section 173.073.2 or .5, as enacted by Senate Committee Substitute for Senate Bill No. 234, Eighty-Third General Assembly, First Regular Session; provided that, property tax levy increases approved by the voters between the time the 1984 and 1985 tax rates are set are considered in calculating "tax revenue", as defined in Section 173.073.1(5), as enacted by Senate Committee Substitute for Senate Bill No. 234, Eighty-Third General Assembly, First Regular Session, and the tax rate rollback provided for in Section 137.073.2, as enacted by Senate Committee Substitute for Senate Bill No. 234, Eighty-Third General Assembly, First Regular Session. This result may change, depending upon the ballot language approved by the voters.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Section 1.020(9), RSMo Supp. 1984, defines the word "year" as the calendar year, unless otherwise expressed. No special definition of the word "year" exists for Section 137.073, as enacted by S.C.S.S.B. 234. Accordingly, if the general reassessment occurs in calendar year 1985, see Section 137.750, RSMo Supp. 1984, tax rates approved by the appropriate majority of votes on or after January 1, 1985, are not subject to tax rate reduction under Section137.073.6, as enacted by S.C.S.S.B. 234.